[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: PLAINTIFF'S MOTION FOR MODIFICATION (#129)
The parties' marriage was dissolved by judgment entered January 9, 1996 after a trial. At that time the plaintiff was employed, and the court found that, although the plaintiff described several health problems, none were disabling. The defendant was and is in good health. The defendant's employment is unchanged since the dissolution, except for a $60 weekly raise.
In July 1996 the plaintiff was diagnosed as having lung cancer. One lung was removed. She has undergone radiation and chemotherapy. While in the hospital she lapsed into a coma for a period of time which now affects her memory. Her activities are limited, she tires easily, and no longer drives motor vehicles. She has lost 40 pounds.
Her COBRA medical insurance premium monthly is $263.26. Yesterday she initiated the procedure to apply for Social Security Disability benefits. Until then she didn't think she would be faced with long term disability.
The defendant has remodeled his kitchen, rewired, replaced the appliances, and worked on the bathrooms, all since the dissolution. He has incurred contractors' and suppliers' bills totaling $13,040 of which $10,716 remains unpaid.
The plaintiff's change of health, with attendant inability to work is found to be a substantial change of circumstances. The plaintiff's motion is granted. In reviewing the evidence in light of the statutory criteria the court determines that the alimony order should be and is increased to $350 per week.
The plaintiff has requested a retroactive order. The file does not contain a return of service as required by Section 52-50. Without proof of service, Section 46b-86 (a) does not CT Page 3328 permit retroactivity. If proper proof is submitted, the court will consider the request.
HARRIGAN, J.